**THE FOXWORTH LAW FIRM**
Roderick L. Foxworth, Jr., Esquire
Attorney I.D. No. 326960
7715 Crittenden Street #382
Philadelphia, PA 19118
Phone: (267) 674-2368
Fax:    (610) 227-2145
Email: rfoxworth@thefoxworthlawfirm.org
*Attorney for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KERRI KELLY, | |
| Plaintiff, | |
| | CIVIL ACTION |
| vs. | |
| | No. _____ |
| PHILADELPHIA HOUSING DEVELOPMENT CORPORATION ("PHDC"), | **JURY TRIAL DEMANDED** |
| Defendants. | |

### COMPLAINT

Kerri Kelly (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. This action is being initiated by Plaintiff against Philadelphia Housing Development Corp. (*hereinafter* to as "Defendant") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 2000e, *et. seq*.), and the Pennsylvania Human Relations Act ("PHRA"). Plaintiff asserts, *inter alia*, that she experienced unlawful workplace discrimination and retaliation, culminating in her termination from Defendant. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for violations of Title VII.

3. There lies supplemental and/or ancillary jurisdiction over Plaintiff's state-law claims, as they arise out of the same common nucleus of operative fact(s) as Plaintiff's federal claims asserted herein.

4. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

5. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

6. On or about March 12, 2020, Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted her administrative proceedings before initiating this action by timely filing her Charge with the EEOC, and by filing the instant lawsuit within ninety (90) days of receiving a right-to-sue letter from the EEOC. (Exhibit "1" is a true and correct copy of the Charge of Discrimination filed by Plaintiff on March 12, 2020.)

7. Plaintiff received her right to sue letter on May 17, 2021, even though it is dated February 26, 2021. (Exhibit "2" is a true and correct copy of the right to sue letter received by

Plaintiff on May 17, 2021.) (PHDC is incorrectly noted on the right to sue letter as the Philadelphia Redevelopment Authority.)

## **PARTIES**

8. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

9. Plaintiff is an adult individual, with an address of 1035 E. Rittenhouse Street, Philadelphia, PA 19130 (Philadelphia County).

10. Defendant Philadelphia Housing Development Corp. is located at 1234 Market Street, Philadelphia, PA 19107 (Philadelphia County).

11. At all times relevant herein, Defendant acted by and through its agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

12. Plaintiff was hired by Defendant, effective in 2017 as a Housing Rehab Inspector II.

13. On or around May 1, 2019, Plaintiff applied for a new position, Housing Rehab Inspector III.

14. Plaintiff is female.

15. Plaintiff was qualified for the Inspector III position with relevant computer knowledge and pertinent construction background.

16. Despite being qualified for the Inspector III position, a male individual (JLNU) was chosen for the position over Plaintiff.

17. Upon information and belief, the male applicant did not possess the necessary computer knowledge and lacked construction background that is helpful for the Inspector III position.

18. Plaintiff was told that her test results were more suited for a Housing Rehab Inspector II, however, when she requested those results, her requests were denied by Defendant.

19. Plaintiff was subjected to sexual harassment by inspector Eugene Waddington ("EW").

20. Mr. EW made numerous sexual comments to Plaintiff and her co-workers, including stating, "Wow, you look good enough to eat."

21. Plaintiff reported Mr. EW's unwelcome behavior to Defendant in January 2020.

22. Plaintiff reported Mr. EW's sexual comments and unwelcome behavior to her union representative, Matthew Foster, and to the Director of Construction, Miguel Torres.

23. Upon information and belief, other co-workers complained of Mr. EW's unwelcome behavior.

24. Plaintiff was told her reports concerning Mr. EW could not be corroborated.

25. On or around January 10, 2020, Plaintiff was terminated thereafter and was told it was because she had allegedly lied about her public, criminal history.

26. Plaintiff timely filed a Charge with the Equal Employment Opportunity Commission ("EEOC"), asserting discrimination and retaliation based upon her sex as set forth above.

27. Plaintiff exhausted all legal requirements to proceed with the above-captioned lawsuit, and she seeks all available legal remedies for her unlawful termination.

28. Plaintiff seeks (a) reemployment; (b) a promotion; and (c) appropriate injunctive relief, lost wages, liquidated damages, compensatory damages, punitive damages, pre- and post-judgment interest, costs, reasonable attorneys' fees, and if applicable expert witness fees.

**First Cause of Action**
**Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**(Sex Discrimination – Failure to Promote)**

29. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30. Defendant's failure to consider Plaintiff for the Housing Rehab Inspector III was, upon information and belief, done due to Plaintiff's sex (female), in violation of Title VII, as she was more experienced and more qualified than the male individual who was ultimately hired for the Housing Rehab Inspector III.

31. Plaintiff's failure to promote her to Housing Rehab Inspector III and instead hiring a less-qualified male individual constitutes a violation of Title VII.

32. Defendant's failure to promote her has caused her various damages and injuries.

**Second Cause of Action**
**Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**(Sex Discrimination – Sexual Harassment/Hostile Work Environment)**

33. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34. Plaintiff was subjected to sexual harassment by inspector Eugene EW.

35. Mr. EW made numerous sexual comments to Plaintiff and her co-workers, including stating, "Wow, you look good enough to eat."

36. Plaintiff reported Mr. EW's unwelcome behavior to Defendant in January 2020.

37. Plaintiff reported Mr. EW's sexual comments and unwelcome behavior to her union representative, Matthew Foster, and to the Director of Construction, Miguel Torres.

38. Upon information and belief, other co-workers complained of Mr. EW's unwelcome behavior.

39. Plaintiff was told her reports concerning Mr. EW could not be corroborated.

40. On or around January 10, 2020, Plaintiff was terminated thereafter and was told it was because she had allegedly lied about her public, criminal history.

41. Mr. EW created a sexually hostile work environment through his discriminatory words and actions towards plaintiff.  This conduct was so severe that it altered the terms and conditions of plaintiff's employment, it interfered with plaintiff's work performance, and it created an intimidating, hostile, and offensive work environment.

42. As a direct and proximate result of the harassing and hostile sexual environment of Mr. EW, Plaintiff suffered great embarrassment, humiliation, and mental and physical anguish.

**Third Cause of Action**
**Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**(Retaliation)**

43. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

44. Plaintiff engaged in legally protected activities by making good-faith complaints—to her union representative and to the Director of Construction—of sexual harassment made by Mr. EW.

45. Instead of addressing her concerns of sexual harassment, *supra*, Defendant fired her for pretextual reasons (allegedly lying about her public, criminal history).

46. Plaintiff's termination in retaliation for her aforesaid protected activities constitutes violations of Title VII.

47. Plaintiff also requested her test results that were allegedly the basis of the denial of her promotion to Housing Rehab Inspector III, however, her requests were denied.

48. Defendant's failure to provide Plaintiff with the requested test results and instead terminating her was in retaliation of her (a) reporting sexual harassment and (b) requesting those test results (i.e., highlighting that a less-qualified male was hired instead of a female).

### Fourth Cause of Action
### Sex Discrimination in Violation of the PHRA
### (Failure to Promote)

49. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

50. Plaintiff re-asserts the same allegations and claims as set forth in her First Cause of Action herein, as they constitute the same violations of the Pennsylvania Human Relations Act ("PHRA"), which is the state equivalent of such laws interpreted and analyzed in the same manner in the Third Circuit.

### Fifth Cause of Action
### Sex Discrimination in Violation of the PHRA
### (Sexual Harassment/Hostile Work Environment)

51. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

52. Plaintiff re-asserts the same allegations and claims as set forth in her Second Cause of Action herein, as they constitute the same violations of the Pennsylvania Human Relations Act ("PHRA"), which is the state equivalent of such laws interpreted and analyzed in the same manner in the Third Circuit.

## Sixth Cause of Action
### Retaliation in Violation of the PHRA

53. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

54. Plaintiff re-asserts the same allegations and claims as set forth in her Third Cause of Action herein, as they constitute the same violations of the PHRA, which is the state equivalent of such laws interpreted and analyzed in the same manner in the Third Circuit.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions including, but not limited to, lost wages, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation/discrimination at the hands of Defendant until a date the Court deems appropriate;

B. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Dated: August 1, 2021                                                    Respectfully submitted,

                                                                         */s/ Roderick L. Foxworth, Jr.*
                                                                         Roderick L. Foxworth, Jr., Esquire
                                                                         *Attorney for Plaintiff*